IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DOROTHY WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-450-K-BN |
| | § | |
| UNITED AIRLINES, INC., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This *pro se* employment discrimination action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade. The undersigned enters these finding of fact, conclusions of law, and recommendation that the Court should transfer this action *sua sponte* to the Western Division of the Central District of California under 28 U.S.C. § 1406(a).

**Applicable Background**

Plaintiff Dorothy Williams, a flight attendant employed by Defendant United Airlines, Inc., brings this action under Title VII of the Civil Rights Act of 1964 against United, alleging racial discrimination, retaliation, and that he was subjected to a hostile work environment. *See generally* Dkt. Nos. 3 & 9. The incident giving rise to this action occurred prior to takeoff of a United flight from Los Angeles International Airport ("LAX") to Washington Dulles International Airport. *See* Dkt. No. 3 at 4-5, 7-11. In sum, Williams alleges:

> [o]n or about February 27, 2017 I was subjected to a hostile work environment from a White male passenger. I complained to Kim Kruetter, white female lead flight attendant and Brett Johnson, white male captain. The captain removed me from the flight rather than the white customer that subjected me to [a] hostile work environment. Kim Kruetter, told me that the Captain, Brett Johnson, stated he was putting me off the aircraft because I was not able to be professional. Brett Johnson told me I was being replaced because they (the crew) was feeling uncomfortable with me.

Dkt. No. 3 at 4.

Williams further alleges that she was then – and remains – employed by United at its hub at LAX. *See* Dkt. No. 3 at 3; Dkt. No. 9 at 63-66.

## Legal Standards and Analysis

"Title VII contains a specific venue provision that displaces the general rules for venue." *Dabney v. A&R Logistics, Inc.*, Civ. A. No. 14-788-BAJ-RLB, 2015 WL 4210988, at *2 (M.D. La. July 10, 2015) (citing 42 U.S.C. § 2000e-5(f)(3); *In re Horseshoe Entm't*, 337 F.3d 429, 432-33 (5th Cir. 2003)); *accord Pinson v. Rumsfeld*, 192 F. App'x 811, 817 (11th Cir. 2006) (per curiam) ("The venue provisions of § 2000e-5(f)(3) were intended to be the exclusive venue provisions for Title VII employment discrimination actions and ... the more general provisions of [28 U.S.C.] § 1391 are not controlling in such cases." (cited in *Allen v. U.S. Dep't of Homeland Sec.*, 514 F. App'x 421, 422 n.3 (5th Cir. 2013) (per curiam))).

Section 2000e-5(f)(3) provides that

> [e]ach United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in

> which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

*Id.*; *see also Dabney*, 2015 WL 4210988, at *2 ("As such, a given district is a proper venue for a Title VII ... claim if the claim satisfies any one of three elements. First, venue is proper in any judicial district in the State where the alleged discrimination took place. Second, venue is proper in the district where relevant records are maintained and administered. Third, venue is proper in the district where the aggrieved person would have worked but for the alleged unlawful employment practice. Additionally, if the defendant is not found within any of the above-mentioned districts, venue is proper in the judicial district in which the defendant has its principal office." (citations and footnote omitted)).

Through her complaint [Dkt. No. 3] and verified responses to the Court's screening questionnaire [Dkt. No. 9], Williams makes clear that she was then (and is still) employed by United at LAX, *see* Dkt. No. 3 at 3; that the alleged discrimination occurred in Los Angeles: her removal from the flight to Dulles, *see, e.g.,* Dkt. No. 9 at 65-66; Dkt. No. 3 at 4-5, 7-11; and that the relevant documents are not located in the Dallas Division of this district, *see* Dkt. No. 9 at 67-68 (alleging that, to Williams's knowledge, records related to the alleged employment practices are maintained and administered either in Chicago – where United is headquartered – or in Los Angeles,

-3-

LAX being a United hub or key airport). Indeed, the Court can take notice that neither Dallas Love Field nor Dallas/Fort Worth International Airport – actually located in the Court's Fort Worth Division – is a United hub or key airport.

That Williams resides in the Dallas Division of this district and that she may use United flights leaving from Dallas to commute to her job, which she admits is in Los Angeles, do not impact the Court's venue analysis. *See, e.g. de Rojas v. Trans State Airlines, Inc.*, 204 F.R.D. 265, 269 (D.N.J. 2001) ("Plaintiff points to the airline's website and flight schedule as evidence that it has employees in Newark, but these indicate only that defendant Trans State Airlines flies in and out of Newark, which defendants do not dispute. This evidence does not indicate that defendants have employees in Newark.... Plaintiff is not able to establish venue in New Jersey under any of the three options available under Title VII. Although the Court appreciates that plaintiff is a citizen of New Jersey, this alone does not give him the opportunity to bring a Title VII lawsuit in New Jersey. As the Second Circuit has stated in the Title VII context, 'venue for [plaintiff's] right of action is circumscribed by the very statute that gives [him] the right to sue in the first place.' Plaintiff's Title VII lawsuit can only be brought in limited places, and unfortunately for plaintiff, New Jersey is not one of those." (quoting *Bolar v. Frank*, 938 F.2d 377, 378 (2d Cir. 1991))); *Younis v. Pinnacle Airlines, Inc.*, No. 06-C-0763-C, 2007 WL 5595929, at *1 (W.D. Wis. May 10, 2007) ("Plaintiff makes much of the fact that he resides in Wisconsin and commutes on Pinnacle flights to his base in Detroit. Recognizing that his residence is not one of the bases for venue under § 2000e-5, he tries to characterize his use of Pinnacle flights

leaving from the Madison airport as proof that this is a district in which he would have worked had it not been for the discrimination. However, he has not shown that he 'worked' in Madison. Instead, it appears to be undisputed that he commuted from here. That he used a Pinnacle flight for the commute does not transform it into the start of his work day. I conclude, therefore, that venue is improper in this district." (citations omitted))

Accordingly, "[t]he Court must now determine whether to dismiss the case or transfer the action to a proper venue." *Dabney*, 2015 WL 4210988, at *4 (citing *Goldlawr v. Heiman*, 369 U.S. 463, 465-66 (1962) (noting that a court may utilize the venue statute to transfer an action filed in an improper venue to "avoid[ ] the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact")).

"[A] federal court is authorized under 28 U.S.C. § 1406(a) to transfer the action to 'any district or division in which it could have been brought' if the court finds that it is 'in the interest of justice' to transfer the action." *Herman v. Cataphora, Inc.*, 730 F.3d 460, 466 (5th Cir. 2013) (citing *Dubin v. United States*, 380 F.2d 813, 816 (5th Cir. 1967)); *cf. Horseshoe*, 337 F.3d at 433 ("[T]he last sentence of [Title VII's] special venue provision makes express cross-reference to §§ 1404 and 1406 of Title 28 indicating clearly Congress' intention that the provisions of §§ 1404 and 1406 would also be applicable in [such a] case."). And a district court may raise the issue of venue *sua sponte, see Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989), and "[t]he district court has broad discretion in determining whether to dismiss or transfer a case

in the interest of justice under § 1406(a)." *LSF4 Loan Invs. I, LLC v. Weingart*, No. 3:06-cv-419-M, 2006 WL 2370803, at *3 (N.D. Tex. Aug. 15, 2006) (citation omitted); *see Glazier Group, Inc. v. Mandalay Corp.*, Civ. A. No. H-06-2752, 2007 WL 2021762, at *13 (S.D. Tex. July 11, 2007) ("To transfer a case under section 1406(a), it is enough simply that the court thinks transfer is in the interest of justice." (citation and internal quotation marks omitted)); *Chenevert v. Springer*, Civ. A. No. C-09-35, 2009 WL 2215115, at *4 (S.D. Tex. July 22, 2009) ("'Generally, the "interest of justice" instructs courts to transfer cases to the appropriate judicial district, rather than dismiss them.'" (quoting *James v. Booz-Allen*, 227 F. Supp. 2d 16, 20 (D.D.C. 2002))).

Other courts have noted in cases similarly postured to this one that the interest of justice's transfer-over-dismissal preference "is especially true when the plaintiff files a complaint *pro se*." *James v. Verizon, Servs. Corp.*, 639 F. Supp. 2d 9, 15 (D.D.C. 2009) (transferring a *pro se* Title VII action under Section 1406(a) after determining that, under Section 2000e-5(f)(3), venue was improper; citation omitted); *see also Dabney*, 2015 WL 4210988, at *4 (noting that a "mistake regarding filing in the proper venue ... may be considered to be excusable because *pro se* plaintiffs are not held to the same standard for formal legal filings, and Title VII/ADA claims have special venue restrictions beyond the general venue requirements" and ultimately concluding that, there, it was "in the interest of justice to allow Dabney an opportunity to transfer the claim to a proper venue" but that "the issue" of transfer over granting a pending motion to dismiss "may be reconsidered by the transferee court" (citations omitted)).

In sum, given Williams's *pro se* status, the Court should conclude that the

interest of justice favors the transfer of this action under Section 1406(a) to the Western Division of the Central District of California, the division and district in which LAX is located. *See* 28 U.S.C. § 84(c)(2).

## Recommendation

The Court should, in the interest of justice, transfer this action *sua sponte* to the Western Division of the Central District of California under 28 U.S.C. § 1406(a).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 29, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE